BLANCHE, Judge.
The trial court awarded South Choctaw Investment Company, Inc., as sublessor, $1,000 for damages beyond normal wear and tear to a building formerly occupied under lease by its sublessee, Gulf Valve Service Company, Inc. South Choctaw is appealing the quantum.
Gulf Valve was a tenant in the nine thousand square foot building for five years under a rental agreement which carried the customary provision requiring it to return the premises in good condition upon termination of the lease, normal wear excepted; and with the pre-contract knowledge of the sublessor, it conducted a valve repair and reconditioning operation serving the petrochemical business.
South Choctaw’s principal complaints as summarized in the trial court’s written reasons were that Gulf Valve left holes in the walls and ceiling, protusions of steel from the floor where equipment had been anchored, damage on the rear wall as a result of sandblasting, and debris on the premises and the interior of the building unclean.
For the alleged breach of the lease, South Choctaw asked for $12,350.00. South Choctaw also asked for 25 percent as attorney’s fees and additional damages for loss of rent covering the period of time during which *1046 repairs were made, but these demands were not raised on appeal and we will not review them here.
The trial judge notes in his written reasons that shortly before Gulf Valve’s lease expired that Charles H. Rabalais, who described himself as “owner” of the South Choctaw corporation, had quoted a figure of $1,000 as the amount he would charge to make the repairs to the building that he and Bobby Joel Hedrick, President of Gulf Valve corporation, had discussed.
We reject appellant’s contention that the $1,000 repair figure was to cover no more than the rear, side walls and roof.
On the matter of damages, the trial judge concluded:
“In the Court’s opinion, the overwhelming weight of the testimony shows that the defendant, through Mr. Hedrick, made a bona fide effort to restore the premises to reasonably good condition considering the use to which the building had been put and considering the normal depreciation occasioned by five years of use. The only exception — which he seemed to have recognized prior to the termination of the lease — deals with the rusting condition of the rear wall caused by his sandblasting operations and the holes in several panels and the ceiling created by the installation of his equipment. It appears that Mr. Rabalais’ initial estimate of the cost of repairs is a satisfactory one and, accordingly, the Court sets the sum of $1,000.00 to cover the repairs.” (Record, p. 35)
We have carefully read the 221 pages of testimony taken in the trial, studied the parts of the record and examined the exhibits. We concur with the trial court. Because we find no error, we affirm the judgment, with all costs to be paid by the appellant.
AFFIRMED.